```
                                            F I L E D
                                        CLERK, U.S. DISTRICT COURT

                                             5/7/2024

                                     CENTRAL DISTRICT OF CALIFORNIA
                                     BY: _____TV_____ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>DAISY POLLARD-GILLAM,<br>  aka "Queen,"<br>  aka "Queej Bee," and<br>REUBEN GILLIAM,<br>  aka "Tre,"<br><br>      Defendants. | CR No. 2:24-cr-00293-MRA<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1594(c): Conspiracy to Commit Sex Trafficking of a Minor; 18 U.S.C. §§ 1591(a)(1), (b)(1), (c): Sex Trafficking of a Minor; 18 U.S.C. §§ 2251(a), (e): Production of Child Pornography; 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1): Distribution of Child Pornography; 18 U.S.C. § 922(g)(1): Felon in Possession of Firearms and Ammunition; 18 U.S.C. §§ 924(d)(1), 1594(d) and 2253, 28 U.S.C. § 2461: Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1594(c)]

[ALL DEFENDANTS]

A.  OBJECTS OF THE CONSPIRACY

Beginning on a date unknown to the Grand Jury but no later than on or about June 3, 2023, and continuing to May 2024, in Los Angeles County, within the Central District of California, and elsewhere, defendants DAISY POLLARD-GILLAM, also known as ("aka") "Queen," aka "Queej Bee" ("POLLARD-GILLIAM"), and REUBEN GILLIAM, aka "Tre" ("GILLIAM"), in and affecting interstate commerce, conspired with each other and others known and unknown to the Grand Jury:

1.  To knowingly recruit, entice, harbor, transport, provide, obtain, and maintain minor children, including Victim 1 and Victim 2, both of whom were then-13-year-old girls, having had a reasonable opportunity to observe Victim 1 and Victim 2 and knowing and in reckless disregard that Victim 1 and Victim 2 were under the age of 18 years old and knowing and in reckless disregard that Victim 1 and Victim 2 would be caused to engage in a commercial sex act; and

2.  To knowingly advertise minor children, including Victim 1 and Victim 2, knowing that they were under the age of 18 years old and knowing Victim 1 and Victim 2 would be caused to engage in a commercial sex act,

in violation of Title 18, United States Code, Sections 1591(a)(1), (b)(1), and (c).

B.  MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED

The objects of the conspiracy were to be accomplished, in substance, as follows:

2

1. Defendant GILLIAM and other co-conspirators recruited, enticed, or obtained minor children, including Victim 1 and Victim 2, both minors under the age of 18 years old, to work for him and others as commercial sex workers.

2. Defendants POLLARD-GILLIAM and GILLIAM harbored and maintained minor children, including Victim 1 and Victim 2, at various locations designated for commercial sex activity.

3. Defendants POLLARD-GILLIAM and GILLIAM engaged in sexual activity with minor children, including Victim 1 and Victim 2, in order to acclimate the minor victims to sexual activity.

4. Defendants POLLARD-GILLIAM and GILLIAM would arrange for commercial sex customers to engage in sexual activity with minor children, including Victim 1 and Victim 2.

5. Defendants POLLARD-GILLIAM and GILLIAM would collect money from commercial sex customers for sex with minor children, Victim 1 and Victim 2.

6. Defendants POLLARD-GILLIAM and GILLIAM would provide lingerie for minor children, including Victim 1 and Victim 2, to wear, and would take photographs of Victim 1 and Victim 2 posing in lingerie for advertisements for commercial sex.

7. Defendant GILLIAM would advertise minor children, including Victim 1 and Victim 2, for commercial sex work on the internet, such as on Instagram.

8. Defendants POLLARD-GILLIAM and GILLIAM would provide cellphones to minor children, including Victim 1 and Victim 2, in order to facilitate communication between the victims and the traffickers.

C.   OVERT ACTS

On or about the following dates, in furtherance of the conspiracy, and to accomplish the objects of the conspiracy, defendants POLLARD-GILLIAM and GILLIAM, and others known and unknown to the Grand Jury, committed various overt acts in Los Angeles County, within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:   On June 3, 2023, defendant GILLIAM and other co-conspirators picked up Victim 1 and Victim 2 in Bell Gardens, California and transported both minor victims to a residence owned by defendant POLLARD-GILLIAM and located on Flower Street in Lynwood, California (the "Flower Street Residence").

Overt Act No. 2:   On June 3, 2023, defendants POLLARD-GILLIAM and GILLIAM provided Victim 1 and Victim 2 with mesh lingerie and directed the minor victims to wear the lingerie and pose for provocative photos to be used for commercial sex advertisements.

Overt Act No. 3:   On June 3, 2023, defendant GILLIAM engaged in sexual intercourse with Victim 1 in order to acclimate Victim 1 to sexual activity.

Overt Act No. 4:   On June 3, 2023, an unidentified co-conspirator engaged in sexual intercourse with Victim 2 in order to acclimate Victim 2 to sexual activity.

Overt Act No. 5:   On June 3, 2023, defendant GILLIAM told Victim 1 and Victim 2 that they needed to "fuck" in order to make money and earn their keep at the Flower Street Residence.

Overt Act No. 6:   On June 3, 2023, defendant POLLARD-GILLIAM told Victim 1 and Victim 2 that they would make good money.

<u>Overt Act No. 7</u>:  On June 4, 2023, defendant GILLIAM distributed photos via Instagram of Victim 1 and Victim 2 dressed in lingerie, and invited individuals to the Flower Street Residence to have sex with Victim 1 or Victim 2 for $100.

<u>Overt Act No. 8</u>:  From June 3 to June 8, 2023, Victim 1 and Victim 2 were required by defendants POLLARD-GILLIAM and GILLIAM to have sex with strangers for money, for which defendants POLLARD-GILLIAM and GILLIAM collected $100 per sex act with each victim.

<u>Overt Act No. 9</u>:  On June 8, 2023, defendants POLLARD-GILLIAM and GILLIAM were alerted to missing children notices circulating on social media about Victim 1 and Victim 2, and arranged for Victim 1 and Victim 2 to be transported to a residence in Sunland, California (the "Sunland Residence") in order to avoid detection by law enforcement.

<u>Overt Act No. 10</u>:  On June 9, 2023, defendants POLLARD-GILLIAM and GILLIAM arranged for Victim 1 and Victim 2 to be transported to a recreational vehicle in Compton, California, to await defendant GILLIAM and prepare for commercial sex work at a hotel.

<u>Overt Act No. 11</u>:  On June 12, 2023, defendant GILLIAM distributed via Instagram images of Victim 1 and Victim 2 wearing the same mesh lingerie described above, as well as an image of child pornography depicting Victim 2, stating that the previous week defendant GILLIAM had multiple females whom he planned to use to create pornography for Internet websites Pornhub and OnlyFans, and stating that he still had three females with him.

COUNT TWO

[18 U.S.C. §§ 1591(a)(1), (b)(1), (c); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

Beginning on or about June 3, 2023 and continuing to on or about June 9, 2023, in Los Angeles County, within the Central District of California, and elsewhere, in and affecting interstate commerce, defendants DAISY POLLARD-GILLAM, also known as ("aka") "Queen," aka "Queej Bee" ("POLLARD-GILLIAM"), and REUBEN GILLIAM, aka "Tre" ("GILLIAM"), each aiding and abetting the other, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained Victim 1, a then-13-year-old girl, having had a reasonable opportunity to observe Victim 1 and knowing and in reckless disregard that Victim 1 was under the age of 18 years old and knowing and in reckless disregard that Victim 1 would be caused to engage in a commercial sex act, and knowingly advertised Victim 1, knowing that she was under the age of 18 years old and knowing Victim 1 would be caused to engage in a commercial sex act.

COUNT THREE

[18 U.S.C. §§ 1591(a)(1), (b)(1), (c); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

Beginning on or about June 3, 2023 and continuing to on or about June 9, 2023, in Los Angeles County, within the Central District of California, and elsewhere, in and affecting interstate commerce, defendants DAISY POLLARD-GILLAM, also known as ("aka") "Queen," aka "Queej Bee" ("POLLARD-GILLIAM"), and REUBEN GILLIAM, aka "Tre" ("GILLIAM"), each aiding and abetting the other, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained Victim 2, a then-13-year-old girl, having had a reasonable opportunity to observe Victim 2 and knowing and in reckless disregard that Victim 2 was under the age of 18 years old and knowing and in reckless disregard that Victim 2 would be caused to engage in a commercial sex act, and knowingly advertised Victim 2, knowing that she was under the age of 18 years old and knowing Victim 2 would be caused to engage in a commercial sex act.

COUNT FOUR

[18 U.S.C. §§ 2251(a), (e)]

[DEFENDANT GILLIAM]

On or about June 5, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendant REUBEN GILLIAM, also known as "Tre," knowingly employed, used, persuaded, induced, enticed, and coerced Victim 1, a then-13-year-old girl, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A)(i), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and which visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer and cellular telephone.


COUNT FIVE

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

[DEFENDANT GILLIAM]

On or about June 12, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendant REUBEN GILLIAM, also known as "Tre," knowingly distributed child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using any means and facility of interstate and foreign commerce, including the Internet, and which had been shipped and transported in and affecting interstate and foreign commerce by any means, including a cellular telephone, knowing that the file was child pornography.  The file defendant distributed was "image-935166174405524."

COUNT SIX

[18 U.S.C. § 922(g)(1)]

[DEFENDANT POLLARD-GILLIAM]

On or about April 24, 2024, in Los Angeles County, within the Central District of California, defendant DAISY POLLARD-GILLAM, also known as ("aka") "Queen," aka "Queej Bee," knowingly possessed the following firearm and ammunition, in and affecting interstate and foreign commerce:

1. A Taurus G2C 9mm semi-automatic pistol, bearing serial number ADD278307;
2. 15 rounds of Fiocchi 9mm caliber ammunition;
3. 7 rounds of Blazer 9mm caliber ammunition;
4. 1 round of LAX 9mm caliber ammunition;
5. 1 round of Cascade Cartridge Inc. 9mm caliber ammunition; and
6. 1 round of Winchester 9mm caliber ammunition.

Defendant POLLARD-GILLIAM possessed such firearm and ammunition knowing that he had previously been convicted of a felony crime punishable by a term of imprisonment exceeding one year, namely, Abandonment or Failure to Maintain Child Under 14, in violation of California Penal Code Section 271a, in the Superior Court for the State of California, County of Los Angeles, case number TA151385, on or about January 25, 2021.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 1594(d) and 28 U.S.C. § 2461]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 1594(d), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts One through Three of this Indictment.

2.  Any defendant so convicted shall forfeit to the United States of America the following:

   (a)  Any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of such violation, and any property traceable to such property;

   (b)  Any property, real or personal, constituting or derived from, any proceeds that such person obtained, directly or indirectly, as a result of such violation, or any property traceable to such property; and

   (c)  In the event such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof (a)

11

cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 2253]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2253, in the event of any defendant's conviction of the offenses set forth in either of Counts Four or Five of this Indictment.

2.  Any defendant so convicted shall forfeit to the United States of America the following property:

    (a)  All right, title, and interest in any visual depiction involved in any such offense, or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received and involved in any such offense;

    (b)  All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense;

    (c)  All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property; and

    (d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), any defendant so convicted shall forfeit substitute property, up to the

13

total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION THREE

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Six of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a) All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

    (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been

///

placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                        A TRUE BILL


                                        _____/s/_____
                                        Foreperson

E. MARTIN ESTRADA
United States Attorney

*[signature]*

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

JOSHUA O. MAUSNER
Assistant United States Attorney
Chief, Violent and Organized
Crime Section

DAMARIS DIAZ
Assistant United States Attorney
Violent and Organized Crime
Section

ANGELA C. MAKABALI
Assistant United States Attorney
Cyber and Intellectual Property
Crime Section