E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
DAMARIS DIAZ (Cal. Bar No. 277524)
ANGELA C. MAKABALI (Cal. Bar No. 296824)
Assistant United States Attorneys
Violent & Organized Crime and Cyber & Intellectual Property Sections
1300 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-0302/2331
Facsimile: (213) 894-0141
E-mail: damaris.diaz@usdoj.gov/angela.makabali@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

DAISY POLLARD-GILLIAM,
aka, "Queen,"
aka, "Queej Bee,"

Defendant.

No. 2:24-cr-00293-MRA

STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND PRE-TRIAL CONFERENCE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT

**CURRENT TRIAL DATE:** 7/1/2024
**PROPOSED TRIAL DATE:** 11/4/2024

**CURRENT PRE-TRIAL CONFERENCE DATE:** 6/13/2024
**PROPOSED PRE-TRIAL CONFERENCE DATE:** 10/17/2024

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Damaris Diaz and Angela C. Makabali, and defendant DAISY POLLARD-GILLIAM ("defendant"), both individually and by and through her counsel of record, Deputy Federal Public Defender Antonio Villaamil, hereby stipulate as follows:

1. The Indictment in this case was filed on May 7, 2024. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on April 24, 2024. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before July 16, 2024.

2. On May 14, 2024, the Court set a trial date of July 1, 2024 at 8 a.m. and a pre-trial conference date of June 13, 2024 at 10 a.m.

3. Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately four days. All defendants are joined for trial and a severance has not been granted.

4. By this stipulation, defendant moves to continue the trial date to November 4, 2024 and the pre-trial conference date to October 17, 2024 and requests that the Court enter the following briefing schedule: motions filed by September 19, 2024, oppositions filed by October 3, 2024, and any replies filed by October 10, 2024. This is the first request for a continuance.

5. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a. Defendant is charged with violations of 18 U.S.C. § 1594(c): Conspiracy to Commit Sex Trafficking of a Minor; 18 U.S.C. § 1591(c): Sex Trafficking of a Minor; and 18 U.S.C. § 922(g): Felon in Possession of Firearm and Ammunition. The government has produced discovery to the defense, including at least 1,847 pages of reports and other documents. Moreover, there are several gigabytes of digital discovery that the government has made available for viewing that contain possible contraband, but which have not been copied and produced to the defense for that reason.

b. On May 9, 2024, defendant's current counsel substituted in as counsel of record. Defense counsel is presently scheduled to be in the following trials: (1) United States v. Kelly Boylan, 5:24-cr-00098-WLH, a single defendant to commit sexual abuse without consent trial scheduled for Monday, July 8, 2024 and expected to last three to four days; (2) United States v. Edward Adrian Van Spaandonk, 2:22-CR-00609-MCS, a single defendant possession with intent to distribute methamphetamine trial scheduled for Tuesday, July 23, 2024 and expected to last three to four days; (3) United States v. Graden Clifton Sells, 2:24-CR-00254-PSG, a single defendant attempted burglary of a U.S. post office trial scheduled for Thursday, October 17, 2024 and expected to last two to three days; (4) United States v. Ji Ryang Chae, 5:23-CR-00131-MCS-1, a multiple-defendant conspiracy to commit sex trafficking of a minor trial scheduled for Tuesday, October 29, 2024 and expected to last approximately seven days; (5) United States v. Iysis Elanore Smith, 2:23-CR-00116-FLA-1, a multiple-defendant conspiracy to interfere with commerce by robbery trial scheduled for Tuesday, November 12, 2024 and expected to last approximately eight court days; and (6) United States v. Said Mneimne, 2:22-CR-00364-DSF-2, a multiple-defendant conspiracy to violate the Arms Export Control Act trial scheduled for Tuesday, February 4, 2025 and expected to last approximately four days. Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

c. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the

case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d. Defendant believes that failure to grant the continuance will deny her continuity of counsel and adequate representation.

e. The government does not object to the continuance.

f. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of July 1, 2024 to November 4, 2024, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny

defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. In addition, co-defendant REUBEN GILLIAM has not yet appeared in this case, and the time for trial has not run. Nonetheless, the stipulating parties agree that, pursuant to 18 U.S.C. § 3161(h)(6), the time period of July 1, 2024 to November 4, 2024 constitutes a reasonable period of delay for REUBEN GILLIAM, who is joined for trial with codefendant as to whom the time for trial has not run and no motion for severance has been granted.

8. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.

9. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: June 3, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

*/s/ Angela C. Makabali*
DAMARIS DIAZ
ANGELA C. MAKABALI
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am DAISY POLLARD-GILLIAM's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of her Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than November 4, 2024 is an informed and voluntary one.

ANTONIO VILLAAMIL
Deputy Federal Public Defender
Attorney for Defendant
DAISY POLLARD-GILLIAM

6-3-24
Date

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than November 4, 2024.

Daisy Pollard Gilliam
DAISY POLLARD-GILLIAM
Defendant

6/3/24
Date